IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOXLY JOHNSON :
:
v. : Civil No. CCB-15-1995
: Criminal No. JFM-10-0799
UNITED STATES OF AMERICA :
...oOo...

## MEMORANDUM

Loxly Johnson, convicted by a jury of conspiracy to import cocaine and heroin, filed a timely motion to vacate under 28 U.S.C. § 2255. (ECF No. 157). The motion was denied on October 9, 2015, but because the court inadvertently failed to rule on all of Johnson's claims, the Fourth Circuit remanded the case. All issues now have been fully briefed and will be addressed below.

First, Johnson claims his trial and appellate counsel were ineffective for failing to challenge the sufficiency of the indictment. The indictment charged that "From on or about December 18, 2010, in the District of Maryland and elsewhere, LOXLY JOHNSON . . . did knowingly . . . conspire . . . to knowingly . . . import [heroin and cocaine]." Johnson complains that it did not allege from where the drugs originated or that they were imported into the United States. While the language could have been more specific, it was sufficient to state the elements of the offense, inform Johnson of the charges against him, and enable him to plead double jeopardy if charged with the same offense in the future. (Indictment at 1, ECF No. 19) *See U.S. v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998). Read from a practical viewpoint, it alleged unlawful importation of drugs into the District of Maryland, which is in the United States. *See Echavarria-Olarte v. Reno*, 35 F.35 395, 399-400 (9th Cir. 1994). Further, Johnson has shown

1

no prejudice whatsoever. Thus, counsel was not ineffective for failing to challenge the indictment. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Second, Johnson claims counsel was ineffective for failing to properly argue the motion to suppress the evidence resulting from the search of his cell phone. To the extent Johnson suggests his phone was searched prior to arrest, this issue was fully litigated and denied by the Fourth Circuit, which found probable cause to exist for Johnson's arrest and the subsequent search of his cell phone incident to that arrest. *U.S. v. Graves*, 545 Fed. Appx. 230, 235 (4th Cir. 2013). The court relied on *U.S. v. Murphy*, 552 F.3d 405, 411 (4th Cir. 2009). While the Supreme Court has now established a warrant requirement (absent exigent circumstances), *see Riley v. California*, 134 S. Ct. 2473, 2493 (2014), that decision was not issued until June 25, 2014, well after Johnson's conviction was affirmed on appeal. Johnson has not shown that counsel was deficient for failing to challenge settled Fourth Circuit law. *U.S. v. McNamara*, 74 F.3d 514, 516-17 (4th Cir. 1996). Accordingly, this claim fails.

Third, Johnson claims counsel was ineffective for failing to argue that the indictment had been constructively amended. This claim relies on Johnson's assertion that the indictment failed to allege the offense of conspiracy to import drugs. It fails for the reasons stated above.

Fourth, Johnson claims counsel was ineffective for failing to suppress the statement made by his co-defendant Shenika Graves. But the only statement introduced was an admission by Graves that she had drugs in her purse, and the trial judge instructed the jury that this evidence could be considered against Graves only. There was no violation of either *Bruton v. U.S.*, 391 U.S. 123 (1968), or *Crawford v. Washington*, 541 U.S. 36 (2004), and therefore counsel's performance was not ineffective.

Finally, Johnson has not shown that he is entitled to appointment of counsel for this § 2255 motion. There is no need for an evidentiary hearing, and the issues are not complex.

For the reasons stated above, the motion will be denied. A certificate of appealability is not warranted. A separate order follows.

January 8, 2018
Date

　　　　　　　　　/s/
Catherine C. Blake
United States District Judge